**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNIONAMERICA INSURANCE COMPANY LIMITED, successor-in-interest to St. Paul Reinsurance Company Limited, London, | No. 09-15766 |
| | D.C. No. 3:05-cv-01912-BZ |
| Plaintiff-counter-defendant - Appellee, | MEMORANDUM[*] |
| v. | |
| THE FORT MILLER GROUP, INC.; et al., | |
| Defendants-counter-claimants - Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Bernard Zimmerman, Magistrate Judge, Presiding

Submitted May 13, 2010[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: RYMER and McKEOWN, Circuit Judges, and FAWSETT, Senior District Judge.***

The Fort Miller Group, Inc., ("Fort Miller") appeals the district court's decision allowing Unionamerica Insurance Company ("Unionamerica") to rescind its coverage of Fort Miller subsidiary Beeche Systems Corp. ("Beeche"). Fort Miller also appeals an order of reimbursement to Unionamerica in the amount of $1,548,292.32, for costs incurred covering Beeche, plus interest.

Under California law, intentional or unintentional misrepresentation or concealment of material information entitles the injured party to rescind a contract for insurance. CAL. INS. CODE §§ 330-32, 359. "The fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law." *Thompson v. Occidental Life Ins. Co.*, 513 P.2d 353, 360 (Cal. 1973). Unionamerica's agent, U.S. Risk Underwriters, Inc. ("U.S. Risk"), requested information about the products for which Fort Miller sought coverage, including "any product brochures that [it] make[s] available to customers." The district court did not err in concluding that Fort Miller "failed to adequately disclose the true nature of Beeche's products when it failed to describe Beeche's products in its preliminary

_____

*** The Honorable Patricia C. Fawsett, Senior United States District Judge for the Middle District of Florida, sitting by designation.

2

application and failed to provide any brochures about Beeche." Fort Miller's subsequent handwritten addition, without other notice, was not sufficient to satisfy the disclosure obligations because the policy was bound based on information in the preliminary application.

Fort Miller argues that U.S. Risk had a duty to inquire into the products it insured, and its failure to do so waived its right to information of material facts. While California's Insurance Code does include a duty to inquire where the insured "distinctly implied" material facts about the covered products, CAL. INS. CODE § 336, the district court did not abuse its discretion in concluding that Fort Miller failed to meet the burden of establishing facts necessary to demonstrate U.S. Risk's waiver of the right to material information. By failing to provide brochures, accurate descriptions of its products, or even disclose the Beeche website, Fort Miller failed to distinctly imply material facts that would trigger the duty to inquire. "In California an insured may not 'escape the consequences of his deception by placing on the insurer the burden of investigating his verified statements.'" *Lattimore*, 263 F.2d at 243 (quoting *Robinson v. Occidental Life Ins. Co.*, 281 P.2d 39, 42 (Cal. Ct. App. 1955)).

**AFFIRMED.**

3